UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 8:18-cr-572-T-23AEP

GEDDES WILLIS

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION FOR REHEARING AND RECONSIDERATION**

The United States opposes Geddes Willis's motion for reconsideration of his sentence, Doc. 590.

**MEMORANDUM**

The defendants' motion should be denied, because it lacks a sufficient basis for reconsideration. Reconsideration unsettles the status of a case and undermines judicial economy. Thus, there are generally only three bases that warrant reconsideration of a district court's order: "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem. Saxon & Nielsen. P.A..* 153 F.R.D. 689, 694 (M.D. Fla. 1994). Mr. Willis lacks these prerequisites.

On June 19, 2019, Mr. Willis pleaded guilty, pursuant to a plea agreement, to possessing with the intent to distribute heroin, in violation of 21

U.S.C. § 841(a)(1). Docs. 270, 273. The Probation Office determined that Mr. Willis, a career offender, had earned a total offense level 29 and a criminal history category VI. Doc. 544 ¶¶ 75, 79, 103. This yielded a total Guidelines level of 151 to 188 months in prison. *Id.* ¶ 178.

Prior to sentencing, the United States moved for a seven-level downward departure in Mr. Willis's sentence, pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Doc. 590, p. 1. Such a reduction would have reduced Mr. Willis's Guidelines range to between 84 and 105 months in prison. The United States recommended a sentence of 90 months in prison.

At sentencing, the Court, finding that the departure recommended by the United States appeared to be greater than the substantial assistance provided by the defendant, departed downward five levels. However, ultimately, the Court sentenced Mr. Willis to 90 months' imprisonment. Doc. 575, p. 2. This sentence fell within the lower half of the Guidelines range Mr. Willis would have received had the Court granted him the seven-level downward departure initially requested.

Mr. Willis now moves for reconsideration of the downward departure motion, based on information Mr. Willis provided to the United States that

was not included in the basis for the United States' section 5K1.1 motion. Doc. 590. The motion lacks an appropriate basis for reconsideration.

First, the motion does not reference any change in controlling precedent. Second, the motion does not reference any newly-available information. The United States has reviewed the materials referenced by the defendant. They are all communications made by Mr. Willis prior to his sentencing. They were in his possession and thus available to him to support any argument he may have wished to advance at sentencing. Finally, the motion demonstrates no manifest injustice. The United States has reviewed the materials underlying the defendant's motion and has conferred with the investigating law enforcement agencies about the same. The United States believes that its prior motion for a downward departure in Mr. Willis's sentence contained the sole bases on which Mr. Willis has provided substantial assistance. The United States does not believe that the additional information to which Mr. Willis refers rose to the level of substantial assistance or warranted inclusion in a motion for departure.[1] Thus, the United

---

[1] The United States notes that Mr. Willis has agreed that the United States' evaluation of his assistance is controlling. Doc. 270, p. 5 ("the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination").

States believes that the Court has already considered the information relevant to the 5K1.1 motion and rendered a fair sentence.

## **CONCLUSION**

Because he provides no basis for reconsideration, the defendant's motion should be denied.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
Assistant United States Attorney
United States Attorney No. 141
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: natalie.adams@usdoj.gov

U.S. v. Willis                                         Case No. 8:18-cr-572-T-23AEP

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2021, I emailed a copy of this motion to counsel of record, Mark Ciaravella.


By:   */s/ Natalie Hirt Adams*
      NATALIE HIRT ADAMS
      Assistant United States Attorney
      United States Attorney No. 141
      400 North Tampa Street, Suite 3200
      Tampa, Florida  33602
      (813) 274-6000 – telephone
      (813) 274-6220 – facsimile
      E-mail: natalie.adams@usdoj.gov