"United States District Court"
Middle District of Florida Tampa
Division

FILED
2021 MAR 17 PM 12:10
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

United States of America

V.

Geddes Willis

Case No: 8:18-CR-572-T-23AEP
Reg No: 51590-018

Emergency motion to Reduce or modify term of imprisonment Pursuant to title 18 U.S.C. 3582 (c)(i)(A)(i) and/or 12003(b)(2) of the Cares Act Passed into Law on March 27, 2020.

Comes Now, Defendant, Geddes Willis, Pro se Respectfully Requesting to have his sentence Reduced or modify Pursuant to title 18 U.S.C. 3582(c)(i)(A)(i) and/or 12003(b)(2) of the Cares Act, Passed into Law on March 27, 2020, this Court has broad discretion to Reduced or modify the Defendants sentence to minize his Exposure of contracting the Novel highly dangerous COVID-19 Pandemic.

FACT OF CASE:

1) Movant suffer from high Blood Pressure, Type II Diabetes, Heart Problem. Movant is prescribe, Amlodipine 2.5mg, Aspirin 81mg, Metformin HCI 1000mg (Glyburide), Glipizide 5mg. Movant is vulnerable to COVID-19 and face a higher Risk from COVID-19 Pandemic.

2) Movant also asserts that BOP is not adequate equipped or prepared to safety and effectively manage the COVID-19 Pandemic. Movant is not able to abide by the CDC Guideline for COVID-19. Movant is possibly being exposed to a death sentence due to circumstance beyond his control, circumstance that can dramaticly improve with compassionate Release. Lastly, Movant present a persuasive case for compassionate Release based on an exceptional body of work done in a remarkable short time.

A REDUCTION UNDER 18 U.S.C. 3582 (c)(1)(A) IS WARRANTED:

United States v. Bolston, Case No. 1:18-cr-382-MIB, DKT (No.20) (M.D. Mar 30, 2020) Releasing Defendant in Part because the Danger inherent in his continued incarceration at the R.A. Deyton Detention Facility.

United States v. Perez, No: 1:17-cr-513-At, DKT No.98 (S.D.N.Y April, 1, 2020) Granting compassionate Release where the benefits of keeping [Perez] in Prison For the remainder of his sentence Are minize, and the potential consequence of doing so Are Extraordinary grave.

United States v. Stephens, 2020 WL 1295155 ___ F. Supp. 3d. (S.D.N.Y Mar 19, 2020) Releasing Defendant in Light of the unprecedented And Extraordinary dangerous Nature of the COVID-19 Pandemic.

United States v. Rodriguez, No: 2:03-cr-271-AB, DKT.No.135 (E.D April 1, 2020).

United States v. Feucht, WL 2020
United States v. Andre Williams, WL 2020
United States v. Champagne, WL 2020
United States v. Moody, WL 2020
United States v. Garlock, WL 2020

This court may, in certain circumstance Grant Defendants motion to Reduce or modify his or her term of imprisonment, where in the normal case a Defendant would need to Exhaust his administrative Remedies before filing a motion before the court, However, the outbreak of the severly dangerous COVID-19 virus in Prison Presents a serious National Emergency that would allow an Excuse compliance with the Normal Exaustion Rules:

Hendricks v. Zenon, 933 F.2d 644, 672 (9th cir 1993) Recognized that exceptional circumstance of Pelicular urgency can Excuse Exhaustion. Delaying consideration of this motion would Put Defendant, life in danger and Risk irreparable horn.

United States v. Colvin, No: 3:19-cr-179 (JBA) 2020 U.S. LEXIS 57962, *4-5 (D. Conn April 2, 2020) ("First Exhaustion may be unnecessary where it would be futile, either because Agency has Already determined the issued.")

4.

The virus was highly contigious, as the virus was contracted by hundreds of inmates, Despite the fact as this date not one inmate has been tested for Extremely dangerous COVID-19 virus. In April 3, 2020, memorandum to the General Director of the B.O.P William Barr, once again expressed for Home Confinment for inmates in high risk. In that memorandum A.G. William Barr Acknowledged the fact that not all federal Prison have been effectively in containing the spread of COVID-19. The concerns expressed by A.G. William Barr has been recognized by the district courts around the nation and has Prompted the release of federal Inmates due to the novel COVID-19 virus, despite the measure being taken by the B.O.P.

United States v. Muniz, Case No: 4:09-cr-199, DKT No. 578 (S.D. Tex Mar 30, 2020) Releasing Defendant serving 188 months sentences for Drug conspiracy in light of vulnterably to COVID-19 Pandemic.

First step Act of 2018:

On December 21, 2018, the President signed the First step Act into Law, Among other Criminal Justice reforms, Congress amended 18 U.S.C. 3582 (c)(i)(A)(i) to Provide the sentencing Judge jurdiction of sentence based on Defense motion for Reduction of sentence based on Extraordinary and compelling reason whenever "The Defendant has fully exhausted all administrative right to Appeal a failure of the Defendant behalf or the lapse of (30) Days from the receipt of such request by the warden of the Defendants facility whichever is Earlier.") First step Act of 2018 § 603(b), Pub, L. 115-391, 132 Stat. 5194, 5239 (December 21, 2018).

Institutional Request for Compassionate release Due to Medical condition, movant submitted a Petition to the warden, which was denial, requesting that a motion be filed on the movant behalf due to Extraordinary and compelling reason. Movant has filed an appeal to his denial for a reduction of sentence, Movant ask the court to Accept his motion with the court in a timely manner.

Because the pandemic threatens the capabilities of the prison system itself, and with the Defendant being in an at risk category (African American with Asthma). The Defendant's case presents extraordinary and compelling reasons to grant the requested relief. All inmates who have COVID-19 risk factors, as established by the CDC should be immediately reviewed for their suitability as candidates for Home Confinement. Under 18 U.S.C. § 3582 (c)(1)(A), this court may, in certain circumstances, grant a defendants motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). The Defendant has made such a request for the BOP to file such motion and the BOP has refused to do so. As many district courts have noted Post First Step Act, Congress has not specified the circumstances that qualify as extraordinary and compelling reason except to state that a reduction pursuant to this provision must be consistent with applicable Policy statements issued by the Sentencing Commission.

## CONCLUSION

For the foregoing reasons, this court should find that the instant motion should be Granted in the interest of Justice.

Respectfully submitted,
*Geddes Willis*

Geddes Willis

Reg No: 51590-018

FCI Coleman Medium

P.O. Box 1032

Coleman, FL, 33521

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing motion has been sent to the OFFICE of the AUSA, at 400 N. tampa street, suite 3200, Tampa, Florida 33602, on this ___ day of February 2021, via U.S Postal Service.

\* *Geddes Willis*
Geddes Willis