UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 8:18-cr-572-SDM-AEP

GEDDES WILLIS

### UNITED STATES OF AMERICA'S OPPOSITION TO EMERGENCY MOTION FOR COMPASSIONATE RELEASE

The United States opposes Geddes Willis's Emergency Motion for Compassionate Release, Doc. 595. Willis seeks compassionate release pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 362)] based on COVID-19 concerns.

### MEMORANDUM

Willis is not eligible to seek a court order for compassionate release, because he has not first satisfied the administrative prerequisites within the Bureau of Prisons ("BOP"). Thus, Willis asks the Court to exceed its jurisdiction in authorizing release. Even if Willis had cleared that jurisdictional hurdle, and even if he demonstrated that his diabetes and hypertension constituted extraordinary and compelling circumstances sufficient to consider his release, his petition would still fail. Willis cannot

demonstrate, and does not attempt to demonstrate, that his release 147 months prior to the completion of his sentence is compatible with the safety of the community. Each of these reasons is independently sufficient to warrant denial of Willis's motion.

I. **Background**

On January 31, 2019, Willis was indicted, with several others, for conspiring to distribute cocaine, cocaine base, heroin, fentanyl, and oxycodone, and for a discrete incident in which he helped to deliver a quarter kilogram of heroin from Ellenton to Tampa, Florida. Doc. 95. The indictment stemmed from a broad gang investigation in which the United States obtained wire and electronic intercepts, and for which it ultimately indicted approximately 30 people.

The crimes for which Willis was indicted in this case also violated the conditions of his supervised release from a prior federal case, *United States v. Olivero*, 8:09-cr-568-VMC-AEP, for which he had previously been sentenced to ten years in prison.

Willis ultimately pled guilty to the heroin distribution count in the new criminal indictment, and to the violations of his federal supervised release. He also cooperated with the United States against others. Willis was sentenced to 90 months in prison for possessing with intent to distribute heroin, in *United*

*States v. Stephens*, 8:19-cr-572-SDM-AEP, to run concurrently to his sentence of 60 months in prison for his violation of supervised release in *United States v. Olivero*, 8:09-cr-568-VMC-AEP.

Willis, who began serving his 150-month sentence less than three months ago, has now requested his immediate release.[1] Willis is 48 years old, is currently incarcerated at Coleman's Federal Correctional Complex, and is projected to be released on August 28, 2031 *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on March 19, 2021).

## II.  Legal Analysis

### a. Ripeness

Willis may not move for a court order authorizing a compassionate release sentencing reduction, because he has not fulfilled his administrative prerequisites.  This is fatal to his motion.

Previously, only the BOP could seek a judicial order for compassionate release. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file such motions, based on extraordinary or compelling circumstances. *See* First Step Act of 2018, 115 P.L. 391, § 603(b)(1). Before a

---

[1] Willis claims that he presents "a persuasive case for compassionate release based on an exceptional body of work done in a remarkable short period." Doc. 595, p. 2. It is unclear on what work during his three-month imprisonment this claim is based. In any event it does not appear to be a statutory basis on which the Court might consider his release.

defendant may file such a motion, however, he must demonstrate either (a) that he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (b) that 30 days have lapsed since the receipt of such a request by the warden of the prison. 18 U.S.C. § 3582(c)(1)(A). If he cannot demonstrate one of these events, he may not seek judicial relief. First Step Act of 2018, 115 P.L. 391, § 603(b)(1); *United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (same); *United States v. Alexander*, 609 F.3d 1250, 1260 (11th Cir. 2010) (same).

Willis fails to demonstrate that he has satisfied either criterion. Although he alleges that "movant submitted a petition to the Warden, which was denial," (Doc. 595, p. 6), he appears to be mistaken in this allegation. He attaches no correspondence with the Warden, and no evidence of any other attempt to seek a related administrative remedy within the BOP. Instead, he attaches what appears to be a complaint filed against a nurse whom he believed was not providing him with his prescribed medications. Doc. 595, Ex. 1. The informal resolution form notes that his prescription had been, in fact, filled, a day prior to his complaint. *Id.* p. 3.

4

Because Willis has not demonstrated that he has exhausted his administrative remedies, or that 30 days have lapsed since the Warden received his administrative petition (or even that the Warden has yet received any such petition), his motion must be denied.

      b. <u>Extraordinary and Compelling Circumstances</u>

The United States assumes without conceding that Willis's medical conditions might constitute extraordinary and compelling conditions, had Willis met his burden of providing the documentation necessary to prove them.[2]

Under section 3582(c), a court can grant a sentencing reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court made clear that § 3582's prerequisite findings to considering compassionate release were mandatory.

---

[2] A defendant seeking compassionate release bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (J. Covington); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that a movant for a reduction under section 3582(c)(2) bears the burden to establish a reduction is warranted).

As directed by Congress, the Sentencing Commission has delineated the possible qualifying "extraordinary and compelling reasons to include "a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison." *See* USSG §1B1.13 comment. (n.1).

Here, Willis seeks release, alleging that his high blood pressure, diabetes, and unspecified heart condition, place him in a "higher risk" during the pandemic. *See* Doc. 595. The United States construes this to allege that Willis is at a higher risk of experiencing severe symptoms of COVID-19 if infected. The CDC has identified diabetes as a risk factor that places individuals at higher risk of severe outcomes from COVID-19, and has identified hypertension as a condition that might create a higher risk for such outcomes. *See* CDC, "Groups at Higher Risk for Severe Illness," available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed March 19, 2021).

For that reason, during the unique circumstance of the COVID-19 pandemic, the United States will not contest that Willis might be able to prove that he has conditions that constitute "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I), in that the

inmate's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished, within the environment of a correctional facility, by the chronic condition itself. However, because Willis has failed to prove that he satisfied his procedural prerequisites to moving for compassionate release, and failed to prove that such release would not endanger the community, his health claims cannot carry the day.

    c. Community Safety

Even if Willis had demonstrated a proper petition to the Warden and an extraordinary and compelling reason to consider his release, however, Willis's motion would still be due to be denied, because it fails to demonstrate that his release would not endanger the community.

A court must deny release unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG §1B1.13(2). The Court must consider the applicable section 3553(a) factors in this analysis. *See* section 3582(c)(1)(A). Willis bears the burden of demonstrating that compassionate release is warranted based on these criteria. *See generally United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013) (defendant seeking a reduced sentence bears the burden of establishing the necessary requirements).

Here, the section 3553 factors militate against Willis's release. Willis's history and characteristics represent a threat to the community. Prior to his most recent federal arrest, he had been arrested approximately 50 times for over 90 criminal offenses. Doc. 544 ¶¶ 80-141. Some of his resulting convictions included those for crimes such as aggravated batteries, escape, and batteries on law enforcement officers. Willis's most significant break in criminal activity resulted from the 10-year federal sentence he received for drug trafficking in 2010. *See id.* He was still on supervised release for that offense when he committed the crimes at issue here.

The nature and circumstances of this case also represent a danger to the community. Willis was part of a large drug-trafficking organization that poured a variety of controlled substances into the Middle District of Florida.

The Court previously considered the sentencing factors in fashioning Willis's sentences. Based on the factors set forth in 18 U.S.C. § 3553, the Honorable Steven D. Merryday determined that 90 months in prison, to run consecutively to the 60 months imposed by the Honorable Virginia Covington for Willis's violation of supervised release, was the sentence necessary to

achieve the goals of sentencing.[3] The facts underlying that determination have not changed.

Willis has had a concerning chain of recidivism. He has served only three months for the serious crimes at issue here. He has not met his burden to demonstrate that he would not endanger the community if released early.

## CONCLUSION

The United States respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:     /s/ Natalie Hirt Adams
NATALIE HIRT ADAMS
Assistant United States Attorney
United States Attorney No. 141
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: natalie.adams@usdoj.gov

---

[3] Both District Judges ordered that the sentences run consecutively. *See United States v. Olivero*, 8:09-cr-568-VMC-AEP (Doc. 201), p, 2; *United States v. Stephens*, 8:19-cr-572-SDM-AEP (Doc. 575, p. 2.).

U.S. v. Willis                                              Case No. 8:18-cr-572-T-23AEP

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, I emailed a copy of this motion to counsel of record, Mark Ciaravella.

Additionally, a copy of this pleading will be sent via certified mail to:

Geddes Willis
Reg No. 51590-018
FCI Coleman Medium
P.O. Box 1032
Coleman, FL 33521

By:   */s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
Assistant United States Attorney
United States Attorney No. 141
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
(813) 274-6000 – telephone
(813) 274-6220 – facsimile
E-mail: natalie.adams@usdoj.gov